HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID A. KING, *et al.*,

    Plaintiffs,

    v.

TIMBER RIDGE TRADING & MANUFACTURING COMPANY,

    Defendant.

Case No. 2:19-cv-01617-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Strike Plaintiffs' Second Amended Complaint (Dkt. # 22), Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. # 19), Defendant's Motion to Dismiss (Dkt. # 13), and Plaintiffs' Stipulated Motion for Leave to File Supplemental Exhibit (Dkt. # 28).  For the reasons set forth below, Defendant's Motion to Strike (Dkt. # 22) is **GRANTED**, Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. # 19) is **GRANTED**, and Defendant's Motion to Dismiss (Dkt. # 13) and Plaintiffs' Motion to File a Supplemental Exhibit (Dkt. # 28) are **DENIED** as moot.

## II.  BACKGROUND

On October 8, 2019, David A. King and Maryann E. Voisinet ("Plaintiffs") filed a complaint in this Court for claims relating to an injury that Mr. King sustained while using a wood-cutting blade.  Dkt. # 1.  Plaintiffs named Timber Ridge Trading &

ORDER – 1

Manufacturing Company as a defendant. *Id.* Weeks later, Plaintiffs amended their complaint and served it. Dkt. ## 6, 7.

Soon after, Defendant moved to dismiss the amended complaint for lack of personal jurisdiction and failure to state a claim. Dkt. # 13. In response, on December 2, 2019, Plaintiffs filed both a response to the motion to dismiss and a second amended complaint ("12/2 SAC"). Dkt. ## 15, 16. Plaintiffs filed the 12/2 SAC without seeking the Court's leave or Defendant's written consent. Dkt. # 22 at 3. Realizing that, Plaintiffs filed a motion days later, seeking leave to file a second amended complaint. Dkt. # 19. In that motion, however, Plaintiffs lodged a proposed second amended complaint ("Proposed SAC") with the Court that was different than the 12/2 SAC that Plaintiffs filed just days earlier. *Compare* Dkt. # 19-4, *with* Dkt. # 16. Defendant then moved to strike the 12/2 SAC. Dkt. # 22.

### III. DISCUSSION

#### A. Motion to Strike

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a "party may amend its pleading *once* as a matter of course" within 21 days after serving it or the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. P. 15(a)(1) (emphasis added). Any further amendment requires the opposing party's written consent or the court's leave. *Id.* 15(a)(2).

Under Rule 15, Plaintiffs exhausted their one amendment as a matter of course on October 30, 2019, when they filed their first amended complaint ("FAC"). Dkt. # 30. From then on, any amendment to their complaint required Defendant's written consent or the Court's leave. Plaintiffs obtained neither when they filed yet another complaint, the 12/2 SAC, in response to Defendant's motion to dismiss. Dkt. # 22-1.

Plaintiffs do not deny that but instead exhaust their response brief, and the Court, with argument over the Court's standing orders. Dkt. # 24 at 2-6. In this case, the Court

ORDER – 2

instructs that, to the extent Plaintiffs remain unrepresented, this Court's meet and confer requirement also extends to them.  That is, before the filing of any motion (except for temporary restraining orders), Plaintiffs and Defendant shall meet and confer as described in this Court's standing order.  The Court will set aside its preference for in-person meetings here; conferences over email, telephone, other media will do.

Because Plaintiffs did not comply with Rule 15 when amending their complaint, Defendant's Motion to Strike is **GRANTED**, and the 12/2 SAC (Dkt. # 16) is **STRICKEN**.

### B. Motion for Leave to Amend

Plaintiffs now seek leave to file a second amended complaint. Dkt. # 19.  Under Rule 15(a), courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

Against this extremely liberal standard, courts may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  But "[n]ot all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*  The party

ORDER – 3

opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs*, 833 F.2d at 187.

The first three factors—chief among them, lack of prejudice to Defendant—fall in Plaintiffs' favor. There is no evidence that Plaintiffs seek leave in bad faith. Granting leave to amend will also not result in undue delay as the parties are still at the pleadings stage and have not even started discovery. And Defendant will not be prejudiced. It will be free to attack the newly amended complaint. Because Defendant objected to personal jurisdiction in its first motion to dismiss, it has preserved that defense for a future motion if it chooses to file one. Fed. R. Civ. P. 12(h)(1). What is more, Defendant has been on notice of Plaintiffs' amendments since at least December 2, 2019, when Plaintiffs incorrectly filed the 12/2 SAC. Dkt. ## 15, 16.

Defendant does not argue otherwise but rather contends that amendment would be futile. *See* Dkt. # 23 at 2-5. It says that the Proposed SAC does not correct any of the personal jurisdiction pleading deficiencies of the FAC. *Id.* That may well be true, but that is better decided on a proper motion to dismiss not a motion for leave to amend.

Here, Plaintiffs have submitted two "second amended complaints" to the Court, both the 12/2 SAC and the Proposed SAC. As Defendant observes, it is not immediately clear how these versions are different, much less how they differ from the FAC. Dkt. #23 at 5-6. Naturally, Defendant has responded by challenging personal jurisdiction in both its Motion to Dismiss the FAC and its Response to Plaintiffs' Motion for Leave to File a Second Amended Complaint. Granting leave to amend will provide much needed clarity. It will allow Defendant to target a single, operative complaint and will prevent the Court from deciding the personal jurisdiction issue in piecemeal.

In sum, the Court will not break from the circuit's preference for granting leave to amend. Granting leave here will not reward bad faith and will not cause undue delay or prejudice to Defendant. For these reasons, Plaintiffs' Motion for Leave to Amend is, **GRANTED**. The Clerk of the Court will file the proposed amended complaint lodged

ORDER – 4

with the Court (Dkt. # 19-4).  Also, Plaintiffs are ordered to submit a redlined version of the Second Amended Complaint to Defendant and to the Court at [jonesorders@wawd.uscourts.gov](jonesorders@wawd.uscourts.gov).  This redlined version must compare the First Amended Complaint (Dkt. # 6) to the Second Amended Complaint (Dkt. # 19-4) and show all edits made.  Plaintiffs must submit that redlined version within one week of this Order.

### C. Motion to Dismiss the FAC and Motion for Leave to File a Supplemental Exhibit

Because the Court has granted leave to amend and has ordered the Clerk of the Court to file Plaintiffs' Second Amended Complaint, Defendant's Motion to Dismiss the FAC is now moot.  Dkt. # 13.  So too is Plaintiffs' Motion for Leave to File a Supplemental Exhibit in support of its response to Defendant's Motion to Dismiss.  Dkt. # 28.

For these reasons, Defendant's Motion to Dismiss (Dkt. # 13) and Plaintiffs' Motion for Leave to File a Supplemental Exhibit (Dkt. # 28) are **DENIED** as moot.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Strike (Dkt. # 22) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. # 19).  The Court **DENIES** as moot Defendant's Motion to Dismiss (Dkt. # 13) and Plaintiffs' Motion to File a Supplemental Exhibit (Dkt. # 28).  The Clerk of the Court will file the proposed amended complaint lodged with the Court (Dkt. # 19-4).

DATED this 21st day of April, 2020.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 5